UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cr-309 HEA |
| | ) | |
| KAILON VONTEZ LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1.    PARTIES:

The parties are the defendant KAILON VONTEZ LEWIS, represented by defense counsel Brocca Morrison, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2.    GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts I of the charge, the government agrees that no further federal prosecution will be brought in this District relative to the defendant's Production, Distribution, Receipt or Possession of Child Pornography between February 2021 and April 2021, of which the Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation.

### 3.   ELEMENTS:

As to Count I, the defendant admits to knowingly violating Title 18, United States Code, Section 2251(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime Production of Child Pornography are: (1) defendant knowingly used a minor to engage in sexually explicit conduct, (2) for the purpose of producing a visual depiction of such conduct, and (3) said visual depiction was produced using materials that have been transported in interstate or foreign commerce.

### 4.   FACTS:

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

1.     On April 6, 2021, the defendant was arrested by St. Louis Metropolitan Police Department (SLMPD) for Assault -4th Degree. The alleged assault occurred in the city of St.

2

Louis on March 22, 2021. Specifically, the defendant called Victim 1, who is a minor female that is related to the defendant, to the basement of his residence to "see his phone." The defendant asked Victim 1 if she would do something for him and not tell anyone. The defendant then began rubbing Victim 1's thigh and buttocks through her pants. Victim 1 ran away and hid in a bathroom. The defendant was interviewed by a detective on April 6, 2021, and told the detective that his actions were not sexual in nature.

2.      Law enforcement received National Center for Missing and Exploited Children (NCMEC) CyberTipline Reports 88971096 and 88998096 from Tumblr reporting that, on April 14 and 15, 2021, user "mackbx3" uploaded child pornography materials and discussed making and selling sexual content. Tumblr provided two representative images and one video with the tip, which included the following:

   a.   648460684302188544_0_npf_video.mp4: a graphic video files that depicts, in part, several segments showing the defendant standing behind Victim 1 grasping his penis; showing the defendant masturbating on a couch in front of Victim 1 (with a graphic superimposed over his penis that says "SURVIVING THE DAY"); and showing the defendant kneeling behind Victim 1 and masturbating until he ejaculates on her back and couch (again with a graphic superimposed over his penis that says "SURVIVING THE DAY"); and showing the defendant ejaculating onto the back of the pants of Victim 1 while she lays on her stomach on a couch with her shirt pulled up.

3.      Tumblr provided an associated email address with the account and also provided a username for Kik and Cashapp that was associated with the conduct.

4.      Further investigation revealed that the email address is associated with a telephone

3

number that was subscribed to the defendant at a residence in St. Louis, Missouri.

5.      Separately, law enforcement received additional NCMEC CyberTipline Reports reporting the defendant's online conduct. Cybertipline Report 72306716 was received by NCMEC from Dropbox Inc. on May 15, 2020. Dropbox reported that User/Screenname Kailon LEWIS uploaded videos of child pornography to Drobox, including the following:

   a. Snapchat-775416685.mp4: a graphic video file, approximately 56 seconds in length, that depicts a minor female, approximately 9-12 years of age, sitting on the floor, naked from the waist down, facing the camera with her legs spread as she masturbates.

   b. Snapchat-810928790.mp4: a graphic video files, approximately 29 seconds in length, that depicts a minor female, approximately 9-12 years of age, naked from the waist down and kneeling on the floor of a bathroom with her buttocks and vagina facing the camera.

6.      Law enforcement also reviewed Cybertipline Reports 83191954 and 83231323, which were received by NCMEC from a private party and from Reddit, Inc. on November 28 and November 30, 2020. According to the Cybertipline Reports 83191954 and 83231323, Reddit User Name "Kailon_LEWIS" shared child pornography with several other users and posted a link on Reddit to an apparent child pornography video on an unnamed third party website. The first few seconds of the video were viewed by Reddit personnel and were described as "a sneaked video of two minors engaging in a sexual act." A copy of the video was not provided to NCMEC.

7.      On May 3, 2021, the Honorable John M. Bodenhausen signed a federal search warrant for the defendant's residence. The Federal Bureau of Investigation executed the warrant

4

the following day.

8.      The defendant was present inside the residence when the warrant was executed. The defendant was read his Miranda rights and he stated that he understood his rights and consented to an interview. During the interview, the defendant admitted that he began downloading, viewing and distributing child pornography through Reddit and Tumblr in December 2019. The defendant stated that, at first, he only uploaded and sold adult pornography, but he began receiving messages from people asking for child pornography and extreme child pornography. The defendant then began to sell child pornography because he realized how much money others were willing to pay for it. The defendant confirmed that he used multiple different Tumblr accounts and email addresses to sell and exchange child pornography. The defendant further admitted that he possessed thousands of images and videos of child pornography in his personal Mega account and his Dropbox account.

9.      The defendant first denied, but then admitted to producing four different pornographic videos involving Victim 1 and then selling these videos to others online for $40 each.

10.     The defendant admitted to using three different Cash App accounts to receive payments for child pornography images and videos. The defendant estimated that he made thousands of dollars selling child pornography to others using the Internet.

11.     During the search of the residence, federal agents seized the defendant's Apple iPhone 11 and Apple iPhone SE. These devices were forensically examined.

12.     The Apple iPhone 11 was found to contain approximately 38 videos and 10 images of child pornography, including 30 videos involving Victim 1 that were created on February 20, March 19, and April 29, 2021. The Apple iPhone 11 had the Tumblr, Reddit, Dropbox, Mega,

5

Kik, Snapchat, CashApp, PayPal, and Venmo applications installed. The Kik application on this device included several communications between the defendant and another user who was requesting pornography involving minors who were 12 years or younger. The defendant responded that he did. The defendant also exchanged text messages with another where the defendant states that he has pornography involving minors who are 11 and 12 years old and then shares a Mega link with the user that included hundreds of images and videos.

13.    The Apple iPhone SE was found to contain approximately 984 images and 118 videos of child pornography, including 8 videos involving Victim 1 that were created on March 19 and April 15, 2021. The Apple iPhone SE had the Tumblr, Reddit, Dropbox, Mega, Kik, CashApp, and Venmo applications installed. The Kik application on this device included several communications between the defendant and another user who requests to purchase child pornography from the defendant. For $40, the defendant sells a Mega link to the other user that contains approximately 90 videos of child pornography. The defendant also exchanged text messages with at least twelve others where the defendant sells images and videos of child pornography.

14.    In total, the defendant received approximately $11,000 from others related to his sale of child pornography, including images and videos involving Victim 1.

15.    In summary, the defendant admits that between February 20, 2021, and April 29, 2021, the defendant knowingly employed, used, persuaded, induced, and enticed Victim 1, who is a minor female related to him, to engage in sexually explicit conduct, including by using his Apple iPhone 11 and SE to video record himself masturbating and ejaculating on and next to Victim 1. The defendant further admits that he sold these videos and other images and videos of

6

child pornography to others using the Internet.

**5.     STATUTORY PENALTIES:**

As to Count I, the defendant fully understands that the maximum possible penalty provided by law for the crime of Production of Child Pornography to which the defendant is pleading guilty is imprisonment of not more than thirty years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than **life** and not less than five years. **The defendant fully understands that the charge of Production of Child Pornography to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least fifteen years.**

**6.     U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**a.     Chapter 2 Offense Conduct:**

**(1)     Count I – Production of Child Pornography**

**(a)     Base Offense Level:** The parties agree that the base offense level is **thirty-two (32)**, as found in Section 2G2.1(a).

**(b)     Chapter 2 Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

(i)     **Four (4)** levels should be added pursuant to §2G2.1(b)(1)(A) because the "offense involved a minor who had not attained the age of twelve years."

7

(ii)    **Two (2)** levels should be added pursuant to §2G2.1(b)(2)(A) because the offense involved sexual contact.

(iii)    **Two (2)** levels should be added pursuant to §2G2.1(b)(3) because the defendant knowingly engaged in distribution.

(iv)    **Two (2)** levels should be added pursuant to §2G2.1(b)(5) because the defendant was a relative of the minor involved in the offense.

**b**.    <u>**Chapter 4 Adjustments:**</u>  The parties agree that **five (5)** levels should be added pursuant to Section 4B1.5(b) because the defendant's offense is a covered sex crime, neither Sections 4B1.1 nor 4B1.5(a) applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct.  As such, the total offense level, after application of Section 4B1.5(b) is **forty-seven (47)**.

**c.**    <u>**Acceptance of Responsibility:**</u> The parties agree that **three (3)** levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty.  The parties agree that the defendant's eligibility for this deduction is based upon information presently known.  If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**d.**     **Estimated Total Offense Level:**  The parties estimate that the Total Offense Level is forty-four (44), or **forty-three (43)** after applying Section 5, Part A (Application Note 2).

**e.**     **Criminal History:**     The determination of the defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**f.**     **Effect of Parties' U.S. Sentencing Guidelines Analysis:**  The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines.  The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

## 7.     **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a.**     **Appeal:**     The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1)**     **Non-Sentencing Issues:**  The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2)**     **Sentencing Issues:**  In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing

9

Guidelines range, sentences the defendant to 20 years or below, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant to 15 years or above.

      **b.**    **Habeas Corpus:**  The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

      **c.**    **Right to Records:**  The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**    **OTHER:**

      **a.**    **Disclosures Required by the United States Probation Office:**  The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

      **b.**    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**  Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

     **c.**    **Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.  Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box.  In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer.  The defendant shall comply with all requirements of federal and state sex offender registration laws.

     These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere.  Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.  The defendant understands that parole has been abolished.

     **d.**    **Mandatory Special Assessment:**  Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing.  Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before October 1, 2019, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under –

(1)     Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. §2251(a) (production of child pornography) and 18 U.S.C. § 2252A (transportation, distribution, receipt, possession, or access with the intent to view child pornography)).

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

**e.     Possibility of Detention:**  The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f.     Fines, Restitution and Costs of Incarceration and Supervision:**  The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.  The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.  Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss.  The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty.

**g.     Forfeiture:**  The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation,

12

whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**9.      ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex

13

offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

## 10.   **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any

14

11/30/21

Date

KYLE T. BATEMAN
Assistant United States Attorney

11/30/21

Date

KAILON VONTEZ LEWIS
Defendant

11/30/21

Date

BROCCA MORRISON
Attorney for Defendant

16